# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

TRAVIS FINELY and KELLEY FINELY, individuals,

    Plaintiffs,

v.

CSA-CREDIT SOLUTIONS OF AMERICA, INC., a foreign corporation

    Defendant.

Case No. CIV-08-250-RAW

## ORDER & OPINION

    Before the court are the following motions: Plaintiffs' Motion for Default Judgment [Docket No. 14]; Defendant's Motion to Stay and to Compel Arbitration, or Alternatively, Motion to Dismiss or Transfer [Docket No. 22]; and Defendant's Motion to Set Aside Entry of Default by the Clerk [Docket No. 23].

    The court first addresses Plaintiffs' motion for default judgment and Defendant's motion to set aside the clerk's entry of default. Plaintiffs did not respond to Defendant's motion to set aside the clerk's entry of default. Plaintiffs also did not reply to the Defendant's response to their motion for default judgment. The court notes Local Civil Rule 7.1(c), which states: "In the discretion of the Court, any non-dispositive motion or objection which is not opposed within fifteen (15) days may be deemed confessed." In any event, Federal Rule of Civil Procedure 55(c) states that the court "may set aside an entry of default for good cause." Defendant provided good cause in its motion to set aside the clerk's entry of default. For the reasons stated in Defendant's motion, that motion [Docket No. 23] is GRANTED and Plaintiffs' motion [Docket No. 14] is DENIED.

## Motion to Stay and to Compel Arbitration, or Alternatively, to Dismiss or Transfer

Plaintiffs filed this action on July 2, 2008 seeking damages for four causes of action: (1) violation of the Credit Repair Organizations Act, 15 U.S.C. § 1679; (2) breach of contract; (3) violation of the Oklahoma Credit Services Organizations Act, 24 OKLA. STAT. § 141; and (4) violation of the Oklahoma Consumer Protection Act, 15 OKLA. STAT. § 753. Plaintiffs live in Bryan County, Oklahoma. Defendant is a corporation registered in Texas. Plaintiffs state in their complaint that venue is proper in Oklahoma because Defendant transacts business in Oklahoma and the conduct at issue in this action occurred in Bryan County, Oklahoma. Bryan County is in the Eastern District of Oklahoma.

Defendant argues that the conduct at issue occurred in Texas where Defendant is located and thus, venue is proper in Texas. Defendant further argues that, in any event, the contract between the parties included a valid arbitration clause and a valid forum selection clause and those clauses must be enforced. Defendant requests that the court stay this action and compel the parties to submit the dispute to binding arbitration, or alternatively, to dismiss or transfer this action to the United States District Court for the Northern District of Texas.

Defendant filed a supplemental reply to its motion noting that the Plaintiffs do not address its argument that venue is improper in this court under section 1391(b). Plaintiffs argued instead that the contract between the parties is void under federal and Oklahoma law, and thus the arbitration and venue clauses are also null and void. Defendant argues that this court should follow a ruling by the Western District of Oklahoma in a similar case with this same Defendant in which that court found

that venue was not proper in that district and transferred the action to the United States District Court for the Northern District of Texas.

The court first addresses Defendant's venue argument. When a civil action is not based solely on diversity of citizenship, it may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Clearly, this action could have been brought in the Northern District of Texas. The question is whether it is improper in this court. This court is not convinced that venue is improper here. While Defendant argues that the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Texas, the court is not convinced. The court believes that a substantial part of those events or omissions may have occurred in Bryan County, Oklahoma.

For instance, presumably, Plaintiffs negotiated with Defendant and signed the contract while in Bryan County, Oklahoma. Defendant does not allege that Plaintiffs traveled to Texas to make the transaction. Instead, Defendant acknowledges that it transacted with Plaintiffs over the phone and the internet. While Defendant's services were to be performed by Defendant, presumably at its office in Texas, a substantial portion of the transaction, i.e. Plaintiffs' side of the transaction, occurred in Oklahoma. Additionally, at least some portion of Plaintiffs' creditors could be located in Oklahoma. Defendant may negotiate with them from a telephone in Texas, but half of the negotiation would occur in Oklahoma or wherever Plaintiffs' creditors are located. The court is not convinced that venue is improper here.

3

Plaintiffs do not dispute, however, that they entered an agreement with Defendant that included an arbitration clause, a choice of law clause, and a forum selection clause. Plaintiffs argue that the entire contract is void under federal and Oklahoma law, however, and those clauses should not be enforced. As Defendant argues, the Supreme Court has held that whether an action is brought in federal or state court, a challenge to the validity of a contract as a whole, and not specifically the arbitration clause within the contract, is to be decided by the arbitrator rather than the court. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006). Plaintiffs do not challenge the arbitration clause, but the validity of the contract as a whole. An arbitrator is to consider Plaintiffs' claim that the contract they entered is void for illegality. Id.

Accordingly, Defendant's motion [Docket No. 22] is GRANTED. This action is hereby STAYED and the parties are ordered to submit their dispute to arbitration in accordance with the terms of the agreement between them. The parties shall move forward with the arbitration with all due haste and shall inform the court of the status of the arbitration and/or the arbitrator's determinations by March 31, 2009.

IT IS SO ORDERED this 18th day of December, 2008.

**Dated this 18th Day of December 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma